UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ALEXANDER SANTANA,

               Petitioner,           15cv2818

               -against-           <u>MEMORANDUM & ORDER</u>

MICHAEL CAPRA, Superintendent, Sing Sing Correctional Facility,

               Respondent.

------------------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Petitioner Alexander Santana challenges his 2010 conviction for first degree manslaughter pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of trial counsel. Following a referral, Magistrate Judge Gorenstein issued a Report and Recommendation (the "Report") on August 11, 2017 recommending denial of the petition. (ECF No. 30.) No objections were filed, and this Court adopted the Report in its entirety on September 12, 2017. (ECF No. 31.) On September 13, 2017, the Clerk of Court entered judgment. (ECF No. 32.)

        On September 12, 2018, Santana's counsel filed a letter motion seeking relief from the judgment under Rule 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. (ECF No. 33.) In substance, Santana's counsel claims that he failed to timely object to the Report based on a debilitating depressive episode between August and December 2017. During that period, Santana and his mother purportedly attempted to reach Santana's counsel on multiple occasions to no avail. Now, Santana's counsel seeks to reopen this action to file objections to the Report.

DISCUSSION

As an initial matter, courts in this Circuit routinely hold that the failure to file timely objections to a magistrate judge's report or request an extension of time to file objections operates as a waiver of a party's right to object. See, e.g., Grady v. Conway, 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015); Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013); Posr v. Roadarmel, 466 F. Supp. 2d 527, 530 (S.D.N.Y. Dec. 21, 2006). Undoubtedly, as Justice Harlan observed, a party that "voluntarily chose this attorney as his representative in the action . . . cannot now avoid the consequences of the acts or omissions of this freely selected agent." Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962). But "the rule deeming a party bound by the acts of his or her attorney is not absolute." Gomez v. City of New York, 805 F.3d 419, 424 (2d Cir. 2015). Indeed, although "courts are generally reluctant to recognize attorney error as a basis for relief from an order or judgment," the Second Circuit has "recognized as bases for Rule 60(b) relief an attorney's disappearance or mental illness where the party 'tried diligently' to contact his or her attorney." See Gomez, 805 F.3d at 423-24 (2d Cir. 2015) (citing Vindigni v. Meyer, 441 F.2d 376 (2d Cir. 1971) and United States v. Cirami, 563 F.2d 26 (2d Cir. 1977)).[1]

Here, Santana's counsel asserts that Santana and his mother repeatedly attempted to contact him during his absence. Even assuming the truth of these representations regarding Santana's diligence, however, Vindigni and Cirami are distinguishable because Rule 60(b) relief was appropriate in those cases so that their merits could be considered. Accord Philips Lighting

---

[1] Some courts have construed belated requests to file out-of-time objections to a report and recommendation as requests for an extension of time under Rule 6(b)(1)(B) to file objections. See, e.g., Pinks v. M & T Bank Corp., 2014 WL 2608084, at *1 (S.D.N.Y. June 5, 2014) (noting also that "Rule 60(b) has nothing to do with the relief sought here"). In this Court's view, Santana's counsel in essence seeks to relieve Santana from this Court's judgment based on attorney negligence, a situation squarely contemplated by Rule 60(b).

2

Co. v. Schneider, 636 F. App'x 54, 57 (2d Cir. 2016) (summary order) (explaining that Rule 60(b) relief was warranted in these cases "because (1) the party whose counsel disappeared had acted diligently in attempting to contact his attorney, and (2) the interest in deciding the case on the merits outweighed the interest in finality"). In contrast to judgments by default or dismissal of an action for failure to prosecute, as in Vindigni and Cirami, the failure to file objections to a magistrate judge's report does not implicate the interest in deciding a case on the merits in the same way. Rather, whether timely and specific objections are filed only affects the standard of review that a district court must employ in reviewing the magistrate judge's determination on the merits. Having already reviewed the merits of Magistrate Judge Gorenstein's Report, this Court cannot conclude that a second review of the merits—albeit under a less deferential standard—would sufficiently outweigh the interest in finality so as to warrant the "extraordinary judicial relief" under Rule 60. See Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009); cf. Boehner v. Heise, 2009 WL 1360975, at *5 (S.D.N.Y. May 14, 2009) (explaining that the evidence supporting a Rule 60(b) motion "must be highly convincing[,] there must be a showing that undue hardship will not result to other parties by granting the relief[,] and the movant must demonstrate that he possesses a meritorious claim or defense").

In any event, Rule 60(b) relief is unwarranted because Santana's counsel's application is untimely, whether brought under subsection (b)(1) or (b)(6). To be sure, motions under Rule 60(b)(1) may be brought "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). But Rule 60(c)(1) only sets an absolute outer limit on a court's ability to consider motions brought under subsections (b)(1), (b)(2), and (b)(3)—it does not mean that "a delay that falls within the absolute one-year bar by a hairsbreadth should necessarily be considered reasonable, at least where a 60(b)(1) motion is concerned." Amoco Overseas Oil Co.

3

v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 656 (2d Cir. 1979). Indeed, any motion under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). A "reasonable time" depends on "the particular circumstances of the case," including "the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic, 864 F.3d 172, 182 (2d Cir. 2017).

Here, Santana's counsel offers no reason at all for the delay in filing this motion, even though he clearly could have done so earlier. As he concedes, he waited until the last day to file a Rule 60(b)(1) motion. Although Santana's counsel met with Santana's mother on September 11, 2017—i.e., one day before this Court adopted Magistrate Judge's Gorenstein's Report—he did not seek any extension of time to file objections to the Report. And even after Santana's mother notified Santana's counsel that the case was closed "shortly thereafter," (ECF No. 33), he informed her that he would move to reopen this case. Nonetheless, he did not file any motion until September 2018, despite visiting Santana on February 12, 2018. Courts have found a Rule 60(b)(1) motion to be untimely in almost identical circumstances. See, e.g., Chiulli v. IRS, 2006 WL 3008084, at *3 (S.D.N.Y. Oct. 20, 2006) (finding motion untimely where "plaintiffs delayed filing their motion until the very end of the one-year deadline and raised arguments in support of the motion that clearly could have been made earlier"). Similarly, "[t]he Second Circuit has repeatedly held that a one-year delay in filing a Rule 60(b)(6) [motion] is unreasonable," especially where there has been no explanation for the delay. Chiulli, 2006 WL 3008084, at *3 (citing PRC Harris, Inc. v. Boeing, Co., 700 F.2d 894, 897 (2d Cir. 1983)).

## CONCLUSION

For the foregoing reasons, Santana's counsel's application is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 33. This case remains closed.

Dated: December 6, 2018
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.